IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| APRIL FOLSOM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 7:25-CV-67 |
| vs. | : | |
| | : | |
| VULCAN STEEL STRUCTURES, INC., | : | |
| | : | |
| Defendant. | : | |

## ~~JOINT [PROPOSED]~~ w/ PROTECTIVE ORDER

Plaintiff April Folsom and Defendant Vulcan Steel Structures, Inc., subject to the approval of the Court, hereby propose that the following Protective Order (the "Order") shall govern the handling of discovery material including any documents or information produced or exchanged by or among the parties and any non-parties to the above-captioned action.

### I.  DEFINITIONS

1. "Party" or "Parties" shall mean April Folsom and Vulcan Steel Structures, Inc., including their officers, directors, employees, consultants, retained experts, and attorneys (and their support staffs).

2. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. "Producing Party" shall mean:

    a. any Party who produces or discloses information or materials in this action; or

    b. any Non-Party who produces or discloses confidential or proprietary information (as defined below) in this action.

1

4. "Reviewing Party" shall mean any person to whom information or materials are produced or disclosed in this action.

5. "Confidential Information" shall include any commercially sensitive information (regardless of how generated, stored, or maintained) or tangible things that the Producing Party believes in good faith constitutes or embodies confidential commercial, financial, or other confidential information, including but not limited to the following categories: (1) non-public proprietary or confidential business information that would not be available to the public or the Parties outside the context of this Litigation (as defined below); (2) personnel or employment records or information containing private information of any person who is not a Party to this case; (3) all documents containing sensitive personal information such as financial and/or medical information of any Party or non-party; and (4) financial information and trade secrets, that are not generally made known to the public or third parties without appropriate restrictions on its dissemination to others. "Confidential Information" does not include information that: (i) is or has become publicly available without the Reviewing Party's breach of any obligation owed to the disclosing party or Non-Party; (ii) is or has become known to the Reviewing Party from a source other than the Producing Party (other than by breach of an obligation of confidentiality owed to the Producing Party); (iii) has been independently developed by the Reviewing Party; or (iv) was provided to the Reviewing Party by the Disclosing Party prior to the initiation of this Litigation (as defined below) without any confidential designation.

6. "Litigation" shall mean the present action, titled *April Folsom v. Vulcan Steel Structures, Inc.*, pending as Case No. 7:25-CV-00067-WLS in the United States District Court for the Middle District of Georgia.

## II. DESIGNATION AND MARKING OF CONFIDENTIAL INFORMATION BY PRODUCING PARTY

1. <u>Designating Information Confidential</u>: A Producing Party shall designate, in whole or in part, prior to its production, any document or tangible thing which it reasonably and in good faith believes contains Confidential Information by affixing to it, where reasonably possible and in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" to each page or physical structure as appropriate, or to any medium on which such Confidential Information is being produced in electronic format (such as a disk or thumb drive).

2. <u>Designating Information Confidential Produced by Third-Parties</u>: With respect to documents produced by Third-Parties which are not designated by such Third-Party as "Confidential," each Party shall treat such documents as "CONFIDENTIAL" under this Order for a period of ten (10) calendar days after receipt from the Third-Party or the other Party. During that ten-day period, either Party may designate as "CONFIDENTIAL" those documents which it reasonably and in good faith believes contain Confidential Information, by affixing a "CONFIDENTIAL" designation as described in Section II, Paragraph 1 to such documents and providing a copy of such designated documents to the other Party. If neither party designates Third-Party documents as "CONFIDENTIAL" during this ten-day period, the documents shall be treated as if they do not contain Confidential Information.

3. <u>Designating Deposition and Other Testimony Information Confidential</u>: Counsel to any Producing Party may designate any portion of a deposition or other testimony containing Confidential Information as "Confidential": (a) at the deposition, or (b) within ten (10) business days after receipt of a transcript of such testimony by sending to counsel for each Party a written list of the specific portions as to which such status is claimed. All deposition transcripts or recordings shall be treated as "Confidential" until the expiration of ten (10) business days after

3

receipt of the transcript by counsel and, if the aforesaid written list is sent to counsel, shall thereafter be treated as designated in such list.

### III.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

1. All Confidential Information given or exchanged by and among the Parties in connection with this action shall be used solely for purposes of this action and any related mediation, arbitration, or appellate proceedings, and for no other purpose, including, without limitation, any commercial or business purpose or any other litigation or administrative proceeding, absent the prior written consent of the Producing Party or upon leave of a Court.

2. Access to Confidential Information and any information obtained from such Confidential Information shall be restricted to:

   a. Counsel for the parties, and their respective clerical and paralegal staff;

   b. The Parties, their respective corporate employees and representatives, and any third-party accountants, bookkeepers or financial professionals utilized by them;

   c. The United States District Court for the Middle District of Georgia and any appellate court with jurisdiction over any appeal from the Litigation (collectively, the "Court"), and Court personnel assisting the Court in its adjudicative functions;

   d. Stenographic reporters or video operators engaged by a Party for purposes of the Litigation, provided however that they have access to material so designated only to the extent necessary to perform their duties;

   e. Outside photocopying, translation, document management and review, graphic designers, and exhibit preparation services engaged by a Party for the purposes of the Litigation, provided however that such employees have access to material so designated only to the extent necessary to perform their duties; and

4

    f. Any consultant or expert witness for either party, provided that prior to disclosure, such consultant or expert signs an Acknowledgment in the form of Exhibit 1 attached hereto agreeing to be bound by the terms of this Protective Order. The original of such acknowledgment shall be maintained by counsel retaining such consultant or expert and shall be made available to the Producing Party upon request.

3. Notwithstanding any designation material as "Confidential", nothing in this Order shall prevent any Producing Party from using or disclosing its own Confidential Information as it deems appropriate. Nothing herein shall bar a Party from the unrestricted use of any document or information obtained from public sources or available through public sources.

### IV. **FILING AND HANDLING OF CONFIDENTIAL INFORMATION**

1. Counsel and all other persons to whom Confidential Information is disclosed pursuant to this Order are responsible for employing reasonable measures to control access to and distribution of such Confidential Information and shall take reasonable and appropriate precautions to avoid inadvertent disclosure of the Confidential Information.

2. In the event that any material or information designated as Confidential Information is to be used in any court proceeding in connection with the Litigation, the Party that intends to use it shall take all steps reasonably required to protect its confidentiality during such use, subject to the Court's direction.

3. If the Reviewing Party files any document with the Court containing information designated by a Producing Party as "Confidential," it shall file such a document under seal in accordance with the Court's rules and practices governing filing of sealed documents. All such materials so filed shall be released from confidential treatment only by order of the Court.

5

4. The Parties shall instruct all court reporters employed by them in the Litigation that no copy of any transcript of any deposition taken by any Party which is designated in part or in whole as Confidential shall be prepared for, or furnished by the reporter to, any person other than to counsel for the parties and the deponent or his or her counsel.

## V. INADVERTENT FAILURE TO DESIGNATE

1. The inadvertent or mistaken disclosure of any Confidential Information by a Producing Party, without the designation required under Section II, Paragraph 1 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the Reviewing Party promptly after the Producing Party's discovery of such disclosure.

2. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Confidential information was produced without proper designation, and upon receipt of these properly marked documents, the Reviewing Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

3. The designation of materials as being Confidential shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

## VI. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

1. If Confidential Information is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall upon discovery of the disclosure immediately inform counsel for the Producing Party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve said information, including making every effort to retrieve the improperly

disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material. Compliance with the foregoing shall not prevent the Producing Party whose Confidential Information was disclosed from seeking further relief from the Court.

### VII. INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

1. The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto.

2. If a Producing Party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protections from discovery, the Producing Party may give written notice to the Reviewing Party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party.

3. The Reviewing Party shall immediately return to the Producing Party such document or thing and destroy any notes, copies and work-product reflecting the document or thing that is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protection from discovery.

4. Return of the document or thing by the Reviewing Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been

improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. For the avoidance of doubt, this provision shall apply to testimony provided by a witness.

### VIII. CHALLENGES TO CONFIDENTIAL INFORMATION DESIGNATION

1. Nothing in this Order shall be construed to prevent a Party from challenging at any time the designation of materials as Confidential. A Party challenging at any time the designation of materials as "Confidential" shall serve a written objection, including a statement of the grounds for the objection, on the designating Party or Non-Party.

2. The designating Party or Non-Party will have five (5) business days following the receipt of the objection to withdraw such designation. If the designation is not withdrawn as requested, the objecting party may move the Court for an order removing the "Confidential" designation.

3. Notwithstanding any such dispute over any designation, including the filing of any related Motion, while any such dispute is ongoing, the Reviewing Party will maintain the confidentiality of the information consistent with the other provisions of this Order until the issue is resolved by the Court or agreement is reached with the Producing Party.

4. In any court proceeding regarding the propriety of the designation of Confidential Information, the burden of proof with respect to whether information was properly designated shall rest upon the designating Party or Non-Party.

### IX. THIRD-PARTY REQUESTS

1. If a Party, its counsel, or any consultant or expert hired by it receives a subpoena from a Non-Party to the Litigation, or becomes subject to a motion, seeking production or other disclosure of Confidential Information, written notice shall promptly be given to counsel for the

Producing Party, identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena or motion. Where possible, notice shall be given at least ten (10) business days before production or other disclosure. In no event, absent Court order, shall production or disclosure be made before notice is given.

2. Nothing contained herein shall be construed as requiring the Reviewing Party to seek relief from such subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of Confidential Information.

3. In the event that a Producing Party elects to seek further protection of its Confidential Information, the Reviewing Party subject to the subpoena shall reasonably cooperate with the Producing Party's efforts to do so.

## X. MISCELLANEOUS

1. Nothing herein shall constitute:

   a. (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced;

   b. (b) a waiver of any right to object to any discovery request in this or any other action; or

   c. (c) a waiver of any claim of immunity or privilege with regard to any testimony, documents, or information.

2. Within sixty (60) days after the final termination of the Litigation, including all appeals, all persons subject to this Order shall destroy all documents containing Confidential Information or shall return them to the Producing Party. Furthermore, all persons subject to this Order shall certify that all documents containing Confidential Information are destroyed or returned to the Producing Party. However, counsel for each of the Parties may keep and not

destroy copies of all court pleadings and briefs containing Confidential Information; copies of all deposition transcripts containing Confidential Information; copies of documents incorporating or referring to Confidential Information which are inextricably intermingled with the work product of that party's counsel; and its electronic files other than the production sets of documents and things. All such documents retained by counsel shall remain subject to the terms of this Order.

3. Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

4. This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel and filed with the Court for approval.

5. This Order shall not prevent any Party or Non-Party from applying to the Court for further or other protective orders or for modifications of this Order or from agreeing to modifications of this Order. Any such agreed to modification shall be in writing and signed by counsel on behalf of the parties.

6. If any Party seeks discovery from a Non-Party, that Non-Party shall be entitled to all of the benefits that a Producing Party has under the terms of this Order.

7. Notices under this Order shall be sent to at least one lawyer from each law firm representing the party to whom notice is being provided, at the address listed in the signature block for this Order.

8. This Order shall remain in effect after the final determination of the Litigation, unless otherwise ordered by the Court.

[signatures on following page]

Respectfully submitted this __10th__ day of October, 2025.

                          **LANGDALE VALLOTTON, LLP**

                          */s/ K. Drew Parrish Bennett*
                          K. DREW PARRISH BENNETT
                          Georgia Bar No. 493385
                          HANNA D. BLACK
                          Georgia Bar No. 537332
                          1007 N. Patterson Street, P.O. Box 1547
                          Valdosta Georgia 31603-1547
                          (229) 244-5400 telephone
                          (229) 244-0453 facsimile
                          Attorney for Defendant
                          dparrishbennett@langdalelaw.com
                          hblack@langdalelaw.com

                          **HILL, KERTSCHER & WHARTON, LLP**

                          */s/ Julie H. Burke*
                          JULIE H. BURKE
                          Georgia Bar No. 448095
                          3625 Cumberland Blvd. SE, Suite 1050
                          Atlanta Georgia 30339
                          (770) 953-0995 telephone
                          Attorney for Plaintiff
                          jb@hkw-law.com

SO ORDERED this _15th_ Day of _Oct._, 2025.

                                              W. LOUIS SANDS, SENIOR JUDGE
                                              UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| APRIL FOLSOM, | : |
|     Plaintiff, | : |
| vs. | :   CIVIL ACTION NO. 7:25-CV-67 |
| VULCAN STEEL STRUCTURES, INC., | : |
|     Defendant. | : |

## ACKNOWLEDGMENT PURSUANT TO STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS

I, _____, declare that:

    1.    My address is _____. My present employer is _____.

    2.    My present occupation or job description is _____. I have received a copy of the Protective Order in this action signed by United States District Court Senior Judge W. Louis Sands on _____, 20___.

    3.    I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

    4.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any confidential materials which are disclosed to me. I will destroy or return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I

am employed or retained within 60 days after the final termination of this above-captioned litigation.

5. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

Dated: _____          By: _____